UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.P., a minor, by and through R.K.P, His Guardian Ad Litem,<br><br>        Plaintiff,<br><br>  v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | No. C-06-3470 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD AND CONDUCT DISCOVERY |

**I.  INTRODUCTION**

Defendant San Ramon Valley Unified School District ("Defendant" or "District") moves the Court for an order to supplement the record and conduct discovery. See Docket Nos. 32, 33. Plaintiff, a student and his father, seek review of the decision of the California Office of Administrative Hearings ("OAH") regarding the appropriateness of Defendant's educational program; Plaintiff opposes Defendant's motion. See Docket No. 38. For the reasons discussed herein, the Court GRANTS Defendant's Motion to Supplement the Record and Conduct Discovery.

**II.  BACKGROUND**

Plaintiff is a 10-year-old boy who has been diagnosed with autism. See Compl., ¶ 9. He and Defendant were parties to an administrative due process hearing before OAH to resolve a dispute

1 regarding the appropriateness of the District's offer for an
2 individualized education plan ("IEP") for RP for the 2005-2006
3 school year, 2005 extended school year, and 2005 extended-extended
4 school year. See id., ¶¶ 12-15. OAH held a six-day hearing,
5 which included testimony from several witnesses and multiple
6 exhibits. After reviewing the evidence, the administrative law
7 judge ("ALJ") produced a written decision finding in Defendant's
8 favor on all issues. See Pl.'s Mot., Ex. A.

9 Plaintiff filed the present action for this Court to review
10 the ALJ's decision pursuant to the Individuals with Disabilities
11 Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400 et seq.
12 See Compl. The parties have learned that large portions of the
13 administrative record for the case are missing, possibly due to a
14 recording failure. See Levine Decl., ¶ 11. While the exhibits,
15 correspondence and pleadings are intact, approximately four out of
16 the six days of testimony are missing. See Levine Decl., ¶¶ 5-6;
17 D's Opp'n, 2.

### III. DISCUSSION

20 Defendant's motion requests an order to allow it to conduct
21 discovery in order to reconstruct and supplement the
22 administrative record. Under the IDEIA, the Court "shall hear
23 additional evidence at the request of a party." 20 U.S.C. §
24 1415(i)(2)(C). Proper additional evidence is supplemental in
25 nature. See Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467,
26 1472-73 (9th Cir. 1993).

> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

Id. at 1473.  The trial court may exercise its discretion in determining when to allow supplemental evidence.  See id.

Both parties agree that significant portions of the hearing transcripts are missing.  As a result, the Court finds that Defendant should be allowed to conduct additional discovery to recreate the testimony that was presented to the ALJ and help narrow the issues in the instant review.

**IV.  CONCLUSION**

For the reasons discussed herein, the Court GRANTS Defendant's Motion to Supplement the Record and Conduct Discovery.

IT IS SO ORDERED.

Dated: April 25, 2007

_____
UNITED STATES DISTRICT JUDGE